(28 Misc. Rep. 496.)

### BANZHAF v. LUDWIG et al.

(Supreme Court, Appellate Term. July 26, 1899.)

MASTER AND SERVANT—DUTY TO PROVIDE SAFE SCAFFOLDING.

Plaintiff, defendant's employé, was injured by the breaking of a scaffolding. Defendant furnished the material, and it was the duty of plaintiff and his fellow workmen to erect the scaffolding. The court charged that it was defendant's duty to provide a safe and proper structure. *Held,* that this was erroneous, as not distinguishing between defendant's duty to provide a completed structure and his duty to furnish proper materials when plaintiff and his fellow workmen were to erect the scaffolding.

Appeal from city court of New York, general term.

Action by Frederick Banzhaf against Bernard J. Ludwig and Isidor Ludwig. From a judgment for plaintiff (57 N. Y. Supp. 828), defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Wager & Acker, for appellants.

Julius Heiderman, for respondent.

MacLEAN, J. Leaving out of the view the evidence offered by
the defendants, excepting the uncontradicted testimony that they fur-
nished plenty of material suitable for the purpose of making scaf-
folds, it appeared from the statements of the plaintiff and his wit-
nesses that he, with three other carpenters, was employed in making
repairs and alterations in a big show window upon the defendants'
premises, one of the carpenters acting in the capacity of foreman,
and at the same time as workman, on the 9th and 10th of April,
1895, and that it was part of their employment of the four to erect
the scaffoldings upon which they worked. The plaintiff, having erect-
ed one himself, was at work on it on the 9th, and was told in the
evening by his foreman and fellow workman to go the next day upon
another, built by one of the fellow carpenters, of stuff of his own
selection, and without the intervention of any one, excepting, when
he was looking around for braces, the foreman remarked it was
strong enough, as it was to hold three men like himself. On the
morning of the 10th, soon after the plaintiff went upon it, and after
he had been joined thereon by the man who made it, the scaffold fell
some eight feet to the floor, causing the plaintiff serious injury, for
which he brought this action, and recovered upon a verdict in his
favor a judgment against the defendants, which the general term of
the city court affirmed upon appeal (57 N. Y. Supp. 828), and from the
order of such affirmance the present appeal is taken. The case was
submitted to the jury under erroneous instructions, to which the de-
fendants' counsel duly excepted, as to the law applicable to the
case, the trial justice charging that it was the duty of the defend-
ants to furnish safe and proper scaffolding to their employés upon
which to do their work, and that they were liable if they failed in
such regard; the court neglecting to mark the distinction between
the duty of a master to furnish a completed structure, as an appli-
ance for the work of his employés, and the duty of a master to fur-
nish proper materials with which such an appliance is to be con-
structed, where it is the duty of the employés themselves to make
the structure, as herein it evidently was, for where one employs me-
chanics for certain work, the doing of which requires the use of scaf-
folds, which it is a part of the work of the mechanics to construct,
and the employer furnishes proper materials, an injury to one of such
mechanics resulting from a negligent use or selection of such ma-
terials does not render the master liable, as the accident is not due to
neglect of a duty owing by the master to his employés. McCone v.
Gallagher, 16 App. Div. 272, 44 N. Y. Supp. 697. It was not the duty
of the carpenters merely to make the repairs and alterations in the
show window. Their work involved the erection and placing of the
temporary structures upon which they were to stand, which here
were not the places in which their work was to be done, but an ap-
pliance or instrumentality by means of or through the aid of which

they were to do their work. Between the defendants and the carpenters, it was the duty of the carpenters, and not of the defendants, to erect these structures. It was a mere detail of their work, and it was a duty which they, and not the defendants, were bound to perform. It was as much a part of their work to put up the structures as it was to put on the materials for the purpose for which the structures were erected. Butler v. Townsend, 126 N. Y. 105, 110, 26 N. E. 1017. The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

FREEDMAN, P. J. The accident in question occurred before the passage of chapter 415 of the Laws of 1897, known as the "Labor Law." Under the law as it then stood the case at bar, upon the facts disclosed, falls within the doctrine of Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017, and not within the decision of Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615. I therefore concur with Mr. Justice MacLEAN that the case, as submitted to the jury, was submitted under erroneous instructions as to the law applicable, and for that reason the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

LEVENTRITT, J., concurring.