(35 Misc. Rep. 74.)

### WEINBERGER v. KRATZENSTEIN et al.

(Supreme Court, Trial Term, New York County. May, 1901.)

1. INJURY TO EMPLOYE—ELEVATORS—TRAPDOORS.

Laws 1892, c. 275, § 28, creating the building department in the city of New York, requires elevators, not of fire-proof construction, to be protected by trapdoors in a manner approved by the superintendent of buildings, which trapdoors need not be closed during business hours. *Held*, that a person falling down an elevator shaft during business hours, because the guard chain of the shaft broke when he leaned against it, cannot recover on the alleged failure of the owner of the premises to provide the statutory trapdoors, as such open trapdoors would not at the time have prevented the accident.

2. SAME—ELEVATOR GUARD.

Where an iron chain used to protect an elevator shaft was of the kind commonly used in the city of New York, and there was no evidence that it was actually defective, or that defects, if they were in it, were apparent by a careful inspection, it was a sufficient compliance with Laws 1892, c. 275, § 28, requiring a substantial guard or gate for an elevator shaft.

Action by Edgar Weinberger against Herman Kratzenstein and others. Verdict for plaintiff. New trial granted.

Kurzman & Frankenheimer, for plaintiff.
Nadal, Smyth & Carrere, for defendants.

SCOTT, J. The action is for damages for an injury suffered by the plaintiff by falling into an elevator shaft or well. On the trial the complaint was dismissed as against the defendants Kratzenstein and others, tenants of a portion of the building in which the accident occurred, and the jury found a verdict against the defendants Hasell and others, the owners of the building. The shaft or well was inclosed on three sides, and was protected as to its open side by an iron chain fixed firmly in the wall at one end, and provided with a hook at the other end, which hooked into an eyebolt or staple in the wall. There was no evidence that either the chain or the eyebolt was out of repair, or, at least, if they were, that their deficiencies were apparent or known to the owner or any one else. The plaintiff, desiring to look up the shaft to ascertain the position of the elevator, leaned upon the chain, which gave way, and permitted him to fall to the bottom of the shaft. The defendants' negligence is predicated upon the contention that they failed to comply with section 28, c. 275, Laws 1892, which was in force when the accident occurred. That section reads as follows:

"In any building in which there shall be any hoist way or freight elevator or well-hole not inclosed in walls constructed of brick or other fire-proof

material and provided with fire-proof doors, the openings thereof through and upon each floor of said building, shall be provided with and protected by a substantial guard or gate and with such good and sufficient trap-doors with which to close the same, as may be directed and approved by the superintendent of buildings; and the said superintendent shall have exclusive power and authority within said city to require the openings of hoist-ways or hoist-way shafts, elevators and well-holes in buildings to be inclosed or secured by trap-doors, guards or gates and railings. Such guards or gates shall be kept closed at all times, except when in actual use and the trap-doors shall be closed at the close of business of each day by the occupant or occupants of the building having the use or control of the same."

It did not appear that the defendants had ever provided any trapdoor or other door to the elevator shaft at the point where the accident happened, or that the superintendent of buildings had ever directed any such door to be provided. The plaintiff contends that this omission of itself constituted negligence, and cites McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153, to support his contention. That case, however, differs in essential particulars from the case at bar. The statute applicable to that case (Laws 1874, c. 547, § 5) provided that "elevator or well-hole  *  *  *  shall be provided with and protected by a substantial railing and such good and sufficient trap-doors with which to close the same as may be directed and approved by the superintendent of buildings," being to this extent similar to the act applicable to the present case, except that in the act of 1874 a "substantial railing" was required, while under the act of 1892 a wider discretion is given to the owner by permitting the use of a "substantial guard or gate." There is, however, a very important difference between the two statutes as to the use of the trapdoor. By the act of 1874 it was provided that the trapdoor "shall be kept closed at all times except when in actual use by the occupant or occupants of the building having the use and control of the same." Under this statute it was the duty of the occupant not only to provide a trapdoor, but to keep it closed at all times, whether during business hours or not, when the hoistway was not actually in use. The act of 1892, however, contains no such provision. The "guards or gates" are to be kept closed at all times except when in actual use, but the trapdoors are only to be "closed at the close of the business of each day," and hence could lawfully be kept open continuously during business hours, whether the elevator was actually in use or not. The accident in question occurred during business hours, when the trapdoors, even if provided, need not have been kept closed, but might lawfully have been open. The presence of an unclosed trapdoor would not have prevented the accident which occurred, and hence the fact that there was no such door in existence cannot be said to have contributed to the accident. The mere fact that a person has violated a law is not sufficient to charge him with liability for an accident, unless the violation of the statute has something to do with the occurrence of the accident. Stewart v. Ferguson, 34 App. Div. 515–521, 54 N. Y. Supp. 615. It is impossible to say that the failure to provide a trapdoor, which, if provided, might lawfully have been kept open, contributed to the happening of the accident.

The other question is whether a chain such as was provided was a "substantial gate or guard." This precise question was before the court of appeals in Malloy v. New York Real-Estate Ass'n, 156 N. Y. 205, 50 N. E. 853. The statute under consideration in that case required elevator shafts to be protected by a "substantial railing." The owner provided a chain. The evidence showed, as was shown in the case at bar, that such a guard was very commonly used in the city of New York to protect elevator shafts, and the court held that the use of such a chain was a sufficient compliance with the statute. In the face of the evidence of the common use of a chain for such purpose, and in the absence of any evidence to show that the chain used was actually defective, or that its defects, if any, were so apparent that a careful inspection by the owner would have disclosed them to him, there was no question to submit to the jury, and the complaint should have been dismissed as to him.

The motion to set aside the verdict and for a new trial must be granted. The plaintiff may have 30 days' stay of execution, after entry of judgment, within which to perfect an appeal, and 60 days to make and serve a case on appeal. Ordered accordingly.