HAVEN et al. v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by John Haven and another against the mayor, aldermen, and commonalty of the city of New York. No opinion. Motion denied, with $10 costs.

H. D. THATCHER & CO., Respondent, v. STICKLES, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by H. D. Thatcher & Co. against George Stickles. No opinion. Order reversed, with $10 costs and disbursements, upon the authority of Ogden v. Welden (Sup.) 15 N. Y. Supp. 790.

HEALY, Respondent. v. BURKE, Appellant. (Supreme Court, Appellate Term. December, 1901.) Action by Thomas Healy against Luke A. Burke. Blumenstiel & Hirsch (Morris J. Hirsch, of counsel), for appellant. Leventritt & Brennan (George M. Leventritt and Samuel P. Goldman, of counsel), for respondent.

McADAM, P. J. In view of the rule that at the close of the plaintiff's case he is entitled to all the inferences in his favor legitimately deducible from the proof (Baylies, Trial Prac. [2d Ed.] 309), we think that on the question in issue—defendant's negligence, and plaintiff's freedom from contributory negligence—the plaintiff proved a prima facie case, and that the complaint should not have been dismissed. The opinion of the court below seems to correctly note the rule applicable to scaffolds since the enactment of the labor law (Laws 1897, c. 415), which extends the common-law liability. Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615; Id., 52 App. Div. 317, 65 N. Y. Supp. 149, affirmed 164 N. Y. 553, 58 N. E. 662; Rettig v. Transportation Co., 6 Misc. Rep. 328, 26 N. Y. Supp. 896, affirmed 144 N. Y. 715, 39 N. E. 859. The order appealed from will therefore be affirmed, with costs. As the defendant has, in the event of affirmance of the order of the general term, stipulated for judgment absolute, the cause is remitted to the court below for assessment of the plaintiff's damages. Order (71 N. Y. Supp. 1027) affirmed, with costs. All concur.

HELGERS, Appellant, v. STATEN ISLAND M. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Henry J. Helgers against the Staten Island Midland Railroad Company. No opinion. Motion granted, unless the appellant file and serve his printed papers on appeal within 10 days, in which event the case is placed at the foot of the calendar.

HENKEN et al., Appellants, v. SCHWICKER et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Ernst Henken and another against Frederick Schwicker and another. No opinion. Motion denied.

HERRICK, Respondent, v. HUME, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Emily Louise Herrick against John F. Hume. No opinion. Judgment affirmed, with costs.

HEVIA, Respondent, v. BACOT et al., Appellants. (Supreme Court, Appellate Division, Second Department. February 21, 1902.) Action by Alfred A. Hevia against Charles A. Bacot and another to recover broker's commissions. From a judgment in favor of plaintiff, and an order denying a new trial, the defendants appeal. Affirmed. Charles W. Lefler, for appellants. Pierre M. Brown, for respondent.

PER CURIAM. This action was brought to recover a commission of $2,500, alleged to have been earned by the plaintiff in securing a person who was ready and willing to make a loan upon the conditions named by the defendants. There is no dispute that the plaintiff was employed. It is conceded that he was to have $2,500 for his services, if he succeeded in negotiating the loan; but upon the trial it appeared that the defendants secured the desired advance of money through another broker, to whom the commission was paid, and the issue presented was whether the plaintiff had an exclusive contract for the securing of this loan, and whether the defendants reserved the right to reject any and all offers which might be made. The defendants insisted that the contract with the plaintiff was made simultaneously with that of other brokers, and that it was understood that the first one of the brokers to produce the desired loan was to have the commission. The plaintiff, on the other hand, claimed that he had an exclusive contract for a period of 60 days to secure this loan, and that he produced a person able and willing to make the loan upon the conditions named by the defendants. There was a conflict of evidence upon the issues thus raised, but the circumstances surrounding the transaction, the contingent character of the security offered, etc., tend to make plausible the theory of the plaintiff, and the jury has found in favor of his contention. We are of opinion that the evidence is sufficient to support the verdict, and we find no error in the exclusion of evidence by the learned court upon the trial. The judgment and order appealed from should be affirmed, with costs.

HINCKLEY, Respondent, v. DE LONG, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Hattie M. Hinckley against George De Long. No opinion. Judgment affirmed, with costs. All concur. except HOUGHTON, J., who votes for modification of the judgment by reduction of $5,500 and interest.