———————o———————

## The Village of St. Johns v. John N. McFarlan.

*Equity jurisprudence: Injunction: Village ordinance: Nuisance: Fire limits.* A court of equity has no jurisdiction to restrain the threatened violation of a village ordinance, unless the act threatened to be done would, if carried out, be a nuisance; and the erection of a wooden building within the limits of a city or village is not in and of itself a

nuisance, nor does the fact that it is prohibited by ordinance make it such.

*Villages: Erection of wooden building: Injunction.* The increased risk of fire and consequent danger to adjoining property from the erection of a wooden building in a thickly settled portion of a village, does not warrant a court of equity in interfering by injunction to restrain the erection.

*Equity jurisprudence: Violation of ordinance: Remedy at law.* It cannot be said that there is no adequate remedy at law because the ordinance in question is not sufficiently stringent, since it is competent for the legislature to give the village ample power to establish fire limits and enforce obedience thereto, and with a proper ordinance, framed with an appropriate penalty for all violations, the remedy would be found adequate.

*Heard October 26. Decided November 2.*

Appeal in Chancery from Clinton Circuit.

*R. Strickland,* for complainant.

*Spaulding & Cranson,* for defendant.

MARSTON, J:

The complainant filed its bill to restrain defendant from erecting a wooden building within certain established fire limits contrary to the provisions of an ordinance, a copy of which as set forth in the bill was as follows: "No. 1. The board of trustees of the village of St. Johns ordain, that there shall not be built, enlarged or placed upon any lot or part of a lot fronting on Clinton avenue, between Railroad and State streets, any wooden or wooden roofed building." The answer admitted that a resolution which the board of trustees termed an ordinance had been adopted, and there was no proof introduced on the subject, the case being permitted to stand in this respect upon the statement in the bill as admitted in the answer.

A court in chancery has no jurisdiction to restrain the threatened violation of a village ordinance, unless the act threatened to be done, if carried out, would be a nuisance. If it were otherwise, the court might be called upon in all classes of cases to restrain the doing of acts prohibited by

33 MICH.—10.

statute.—*Mayor, etc., v. Thorne, 7 Paige, 261; Att'y Gen. v. Utica Ins. Co., 2 Johns. Ch., 370.*

The erection of a wooden building within the limits of a city or village is not in and of itself a nuisance. Neither does the fact that the erection of such is prohibited by ordinance make it a nuisance. If this were so, then the doing of any act prohibited by law would, upon the same reasoning, be a nuisance. The act, if prohibited, would be illegal; but something more than mere illegality is required to give this court jurisdiction. It was, however, insisted that the erection of a wooden building in a thickly settled portion of a village increases the danger in case of fire, and thereby injures adjoining property. There are, however, many kinds of trades and occupations, some of them prohibited by law, which, when carried on, equally tend to injure adjoining property, yet no one would contend that a court of chancery should interfere by injunction. It was also claimed that if the relief prayed for was refused there was no other adequate remedy, and that therefore the court ought to grant relief. This may be true under the ordinance set forth. That the legislature, however, can give the village power to establish fire limits and enforce obedience thereto was not denied, and could not well be. If a proper ordinance was framed with an appropriate penalty for all violations of its provisions, we think the remedy at law would be found adequate. The fact that the remedy was not adequate in this particular case, on account of the ordinance not being sufficiently stringent in its provisions, cannot give this court jurisdiction to interfere.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.