## ELIZABETH J. YOUNG, APPELLANT, *v.* CATHERINE SCHEU, RESPONDENT.

*Erection of a wooden building within the fire limits of a city in violation of its police regulation — right of an adjoining owner to an injunction.*

A police regulation of a municipality, prohibiting the erection of wooden buildings within the fire limits, does not give a cause of action to a party owning a lot adjoining that upon which a frame building is being erected in violation of such regulation.

An injunction will not lie for the erection of a building prohibited by a city ordinance, unless special damage be alleged.

*Stilwell* v. *Buffalo Riding Academy* (4 N. Y. Suppl., 414) followed.

APPEAL by the plaintiff from an order made at a Special Term held in the county of Erie, and entered in the office of the clerk of the county of Erie on the 30th day of July, 1889, vacating and setting aside an injunction order, granted in the above-entitled action, enjoining the defendant from constructing and erecting, or continuing the construction and erection of any building in whole or in part of wood on the premises immediately north of and adjacent to the plaintiff's premises, known as No. 29 Park street, in the city of Buffalo, N. Y., until the further order of the court.

*Charles A. Pooley*, for the appellant.

*Shire & Van Peyma*, for the respondent.

CORLETT, J. :

The defendant owned a lot on Park street, in the city of Buffalo, upon which an old frame dwelling-house stood. She wished to build a new frame house or repair the old one. There was an ordinance of the city of Buffalo prohibiting the erection of wooden buildings within the fire limits, where the defendant's house stood. She obtained a permit from the council to make such alterations as she desired, which was afterwards revoked; she, nevertheless, determined to build and commenced work.

The plaintiff owned some real estate adjoining the defendant's lot. In July, 1889, she commenced an action against the defendant

to restrain her from erecting a frame-house on her lot, and obtained a temporary injunction from the county judge. Afterwards, and in the same month, the Special Term vacated the injunction, and the plaintiff appeals to this court.

The complaint alleges, among other things, that the erection of the house by the defendant would create a nuisance to the plaintiff's premises and injure the same to her damage.

It is enacted by chapter 519 of the Laws of 1870 that every building erected contrary to a city ordinance should be deemed a common nuisance, and as such might be abated.

One who has sustained damages peculiar to himself from a common nuisance can maintain an action and obtain appropriate redress. (*Francis* v. *Schoellkopf*, 53 N. Y., 152.)

Aside from the ordinance prohibiting the erection of frame buildings, the defendant had a perfect right to build any structure she chose on her own lot. She might erect a frame, brick or any other building she pleased, and the adjoining owner would have no right to complain.

The complaint fails to state how, or in what way, the erecting of a frame dwelling-house would inflict special damages. It contains no statements from which it can be inferred that there would be any special damages aside from the fact that it was a frame house erected contrary to the provisions of a city ordinance. It has long been the rule on the subject of damages that the plaintiff is entitled to recover a recompense for injuries which are the natural and proximate consequence of the act complained of. Those which *necessarily* result from the injury are termed general damages; but those which are special must be clearly stated in the pleading. (*Vanderslice* v. *Newton*, 4 N. Y., 130.)

There is nothing in this complaint showing any special damages for which the law affords redress. A police regulation is not of itself sufficient to give a cause of action to a party injured. (*Moore* v. *Gadsden*, 93 N. Y., 12.)

In *Stilwell* v. *Buffalo Riding Academy* (4 N. Y. Suppl., 414) it was held at Special Term that an action for an injunction would not lie for the erection of a building prohibited by the city ordinance, unless it was to be occupied in such a way as to amount to a nuisance. The mere fact that an act is in violation of law, or even

criminal, would not warrant an injunction. (*Anderson* v. *Doty*, 33 Hun, 160.)

The order of the Special Term must be affirmed.

Dwight, P. J., and Macomber, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.