OGDEN *et al.* v. WELDEN.

*(Supreme Court, General Term, Fourth Department.* September, 1891.)

INJUNCTION—VIOLATION OF CITY ORDINANCE—FIRE LIMITS. ·
    Binghamton City Charter, tit. 9, § 23, provides that "the common council shall have power  *  *  * to prescribe limits in the city within which wooden buildings shall not be constructed, removed, added to, or enlarged, without the permission of the said common council," and that the council may prescribe fines and imprisonment for violations of ordinances and resolutions made pursuant to such section. Title 3, § 8, provides that "violations of all ordinances and resolutions may also be restrained by the injunction order of any court having jurisdiction, and the city of Binghamton may, in its corporate name, bring actions for such injunctions." *Held*, that an action to enjoin the moving of a building in the fire limits in violation of an ordinance enacted pursuant to the city charter could not be brought by a private person, but was maintainable only by the city.

Appeal from special term, Broome county.

Action by Caroline E. Ogden and others against George W. Welden to restrain defendant from moving and repairing a barn within the fire limits

of the city of Binghamton. There was a judgment for defendant, and plaintiffs appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

A. D. Wales, for appellants.    Jerome De Witt, for respondent.

PER CURIAM.    Section 23 of title 9 of the charter of the city of Binghamton provides: "The common council shall have power, by ordinance or resolution, to prescribe limits in the city within which wooden buildings shall not be constructed, removed, added to, or enlarged, without permission of said common council, given by the votes of two-thirds of all the members elected thereto. * * * For violations of ordinances and resolutions made pursuant to the provisions of this section the common council may prescribe penalties and fines to the amount of two hundred and fifty dollars, and imprisonment in the county jail not exceeding one hundred days. * * *" Section 8 of title 3 of said act also declares: "Violations of all ordinances and resolutions may also be restrained by the injunction order of any court having jurisdiction, and the city of Binghamton may, in its corporate name, bring actions for such injunctions, and no undertaking upon the granting thereof shall be required of the city. * * *" In pursuance of these provisions of the charter the following ordinance was passed by the common council of said city: "Section 1. No building, structure, or part of the same, except those constructed fire-proof, with outside and party walls of brick or stone, shall hereafter be erected, placed, or moved within the fire limits without the permission of the common council, to be given by a vote of two-thirds of all the members elected thereto." Under the foregoing provisions of the charter and ordinances it is claimed by the plaintiffs, who were the owners of a lot within the fire limits in said city, that they were entitled to restrain the erection, moving, or alteration of a building on an adjoining lot within such limits contrary to the requirements of such ordinance. This contention presents the only question involved upon this appeal.

In Stilwell v. Riding Academy, 4 N. Y. Supp. 414, it was held that a violation of an ordinance of the city of Buffalo, prescribing that the erection, without permission, of a building in whole or in part of wood within the city limits was a nuisance, was not a ground for granting an injunction at the suit of a private individual to restrain the intended use of such building. That the remedy was through the city authorities. In Young v. Scheu, 9 N. Y. Supp. 349, it was held that a police regulation of a municipality prohibiting the erection of wooden buildings within the fire limits did not give a cause of action to a party owning a lot adjoining that upon which a frame building was being erected in violation of such regulation, and that an injunction would not lie for the erection of a building prohibited by said ordinance unless special damage was alleged. In Anderson v. Doty, 33 Hun, 160, it was alleged that the plaintiff was the owner of certain houses in a street in the city of Rochester; that the defendant had for many years kept, and still did keep, a bawdy-house; that the house so kept was a disorderly house, and a nuisance, and that it was situated on the same side of the street as the plaintiff's houses and some 12 rods from them; that by reason of the maintaining of such bawdy-house the plaintiff's houses were rendered less salable; and that he had been prevented from procuring desirable and responsible tenants for them, whereby he had sustained damages to the amount of $3,000. Held, that these facts did not entitle him to an injunction restraining the defendant from continuing the nuisance maintained by her. In Moore v. Gadsden, 93 N. Y. 12, it was held that a city police regulation was not of itself sufficient to give a cause of action to a party injured by an act or omission in violation of its terms. In Mayor, etc., v. Thorne, 7 Paige, 261, it was held that a court of chancery would not interfere by injunction to enforce the penal laws of the state, or the by-laws of a corporation, unless the act sought to be

restrained was in itself a nuisance. In *President, etc.*, v. *Moore*, 34 Wis. 450, it was held that equity would not enforce, by injunction, a village ordinance prohibiting an act which was not a nuisance *per se*. A village ordinance declared it unlawful to erect wooden buildings within certain limits, and imposed a penalty for so doing. Held, that the act prohibited was not a nuisance, and would not be restrained by injunction. The fact that by the terms of the ordinance it was made the duty of the president and trustees to cause a person about to violate the same to be restrained by injunction did not alter the rule or enlarge the jurisdiction of a court of equity. In the case of *Village of St. Johns* v. *McFarlan*, 33 Mich. 72, it was held that a court of equity had no jurisdiction to restrain a threatened violation of a village ordinance unless the act threatened to be done would, if carried out, be a nuisance; and the erection of a wooden building within the limits of a city or village was not in and of itself a nuisance, nor did the fact that it was prohibited by ordinance make it such. An increased risk of fire and consequent danger to adjoining property from the erection of a wooden building in a thickly-settled portion of a village did not warrant a court of equity in interfering by injunction to restrain the erection. In *Mayor of Manchester* v. *Smyth*, 64 N. H. 380,[1] it was held that the court would not interfere by injunction to prevent the violation of a city building ordinance designed to furnish security against fire when it appeared that the threatened violation would not constitute a nuisance by increasing the danger from fire. In High on Injunctions, § 748, it is said: "Although the jurisdiction of equity to prevent, by injunction, the erection or maintenance of nuisances is, as we have already seen, undoubted, the courts are nevertheless inclined to limit its exercise to cases of nuisance *per se*, and not to extend the relief to enjoining structures which are merely prohibited by municipal regulation. And where a village ordinance prohibits the erection of wooden buildings within certain specified limits, imposing a penalty for violation of the ordinance, and also provides that the president and trustees of the village shall cause any person violating the ordinance to be enjoined by a court of competent jurisdiction, an injunction will not be granted to prevent the erection of wooden buildings in violation of the ordinance. And the provision in the ordinance directing the officers to proceed by injunction in such case in no manner extends or enlarges the jurisdiction of the court, and the municipal authorities will be left to seek their remedy at law for a violation of the ordinance." Again, it is said in section 1248: "Equity will not lend its aid to enforce, by injunction, the by-laws or ordinances of a municipal corporation restraining a certain act, unless the act is shown to be a nuisance *per se*."

An examination of the authorities cited discloses quite clearly that, independent of a statute specially authorizing an injunction to restrain parties from violating a city ordinance in relation to building within the fire limits, no action for an injunction to restrain such acts can be maintained. But it is contended that the charter of the city of Binghamton confers upon the city authority to maintain such an action. We think that there is much force in this contention. But an examination of the portion of the charter relied upon by the appellant shows that it fails to expressly confer upon any other party than the city the right to maintain an action for an injunction. The appellant, however, contends that such right is to be implied from the language employed in section 8. We do not think that that section is susceptible of the construction contended for by the appellant. We find nothing in it from which any authority to maintain an action to enjoin the erection, moving, or repair of such a building by any party except the city of Binghamton can be properly implied. It follows, therefore, that the judgment in this case should be affirmed. Judgment affirmed with costs.

[1] 10 Atl. Rep. 700.