THE VILLAGE OF NEW ROCHELLE, Appellant, *v.* FREDERICKA LANG, Respondent.

*Equity — penal statutes or by-laws of a corporation not enforced in equity — validity of an ordinance enacted under chapter 306 of the Laws of 1876.*

It is no part of the province of a court of equity to enforce the penal law of the State or the by-laws of a corporation by an injunction, unless the act sought to be restrained is a nuisance.

The provisions of chapter 306 of the Laws of 1876, authorizing the village of New Rochelle to "prohibit, restrain and prevent" within a certain area the construction of frame or wooden buildings, gives it no standing in equity to bring an action not otherwise maintainable by it.

Query, whether an ordinance passed by the trustees of such village is valid, which prohibits the erection of any such building within such limits without the consent of the trustees.

APPEAL by the plaintiff, The Village of New Rochelle, from an order of the Supreme Court, made at the Westchester County Special Term and entered in the office of the clerk of the county of Westchester on the 24th day of July, 1893, denying the plaintiff's motion for an injunction pending the action and dissolving a temporary injunction obtained therein.

Section 1 of title 6 of chapter 306 of the Laws of 1876 reads as follows:

"SECTION 1. The trustees shall have power to prevent the dangerous construction and condition of chimneys, fire places, hearths, stoves and stove pipes, ovens, boilers and apparatus used in any building or manufactory, and to cause the same to be removed or placed in a safe condition when considered dangerous, and to prevent the deposit of ashes in unsafe places; to provide fire buckets and to regulate the use of them in time of fire; to authorize the fire wardens or other officers of the village to keep away from the vicinity of any fire all idle or suspicious persons, and to compel all persons to aid in the extinguishment of fires and the preservation of property exposed to danger thereat, and generally to establish such regulations for the prevention and extinguishment of fires as they may deem expedient; to prescribe and declare such portion of said village as they may deem expedient a fire district; to prohibit,

restrain and prevent, within said fire district, the construction of any frame or wooden building for any purpose whatever."

The complaint in this action alleged the incorporation of the plaintiff; that the defendant resided in the town of New Rochelle, and was the owner in fee of certain premises, and that she commenced the construction of a frame or wooden building on said piece of ground in such village, which construction was in violation of a certain ordinance of such village, which was therein set forth as follows:

" SECTION 1. No person or persons shall hereafter be permitted to erect or construct any frame or wooden building for any purpose whatever without first receiving permission from the board of trustees of the village of New Rochelle," within certain prescribed limits, within which the said property was situated.

The relief demanded was that the defendant, her agents, etc., be enjoined and restrained from erecting or constructing a frame or wooden building on said premises, and for an order restraining the erection thereof during the pendency of the action.

*C. H. & J. A. Young,* for the appellant.

*Charles F. Irwin,* for the respondent.

CULLEN, J.:

This is an appeal from an order denying an injunction to restrain the defendant from constructing a wooden building in the village of New Rochelle.

The injunction was properly denied. We think that the plaintiff had no standing to maintain the action. " It is no part of the business of this court (a court of equity) to enforce the penal laws of the State or the by-laws of a corporation by injunction unless the act sought to be restrained is a nuisance." (*Mayor* v. *Thorne,* 7 Paige, 261.) The same rule was held in *Village of Brockport* v. *Johnston* (13 Abb. N. C. 468). Even if the act were a nuisance the remedy was by indictment, or in equity only at the suit of the People or of some private person who alleged special damages. The provision of the statute (Chap. 306, Laws of 1876), authorizing the village to "prohibit, restrain and prevent," gave the plaintiff no standing in equity

to bring an action otherwise not maintainable by it. It provides for restraint, not by injunction, but by the means placed in the power of the village, penalties, etc.

We have also grave doubts as to the validity of the ordinance enacted. The village is empowered to fix a fire district and " to prohibit, restrain and prevent within said fire district the construction of any frame or wooden building for any purpose whatever." This ordinance, passed by the trustees, prohibits the erection of any such building within the limits named without the consent of the trustees. This is a different prohibition from that authorized by the statute. The law authorized the establishment of a district in which there should be no wooden buildings. The trustees have fixed the district in which there may or may not be wooden buildings as the trustees pleased.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.

---

NOTE. The rest of the cases of this term will be found in the next volume (76) Hun.— [REP.