(74 App. Div. 50.)

### CITY OF MT. VERNON v. SEELEY et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

INJUNCTION—VIOLATION OF MUNICIPAL ORDINANCE.
> Injunction will not lie to restrain the posting of bills in a city, which does not constitute a nuisance, in violation of an ordinance making it criminal to post bills without first obtaining a permit from the mayor.[1]

Appeal from special term, Kings county.

Injunction by the city of Mt. Vernon against William Seeley and another. From an order denying a motion for an injunction pendente lite, the plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Gustav R. Hamburger, for appellant.
George C. Appell, for respondents.

GOODRICH, P. J. The action is brought to enjoin the defendants from posting advertising bills within the city of Mt. Vernon until they have complied with a city ordinance, which, as finally amended, was passed in June, 1901, and forbids any person to post bills within the city limits "without first having obtained a permit therefor from the mayor of this city," and makes any violation punishable by imprisonment or fine, or both. The complaint alleges that the ordinance is reasonable; that defendants have obtained no license under the ordinance, but have posted bills within the city limits, and threaten to continue so to do; and that the plaintiff has no adequate remedy at

1 See Injunction, vol. 27, Cent. Dig. § 176.

law. There is no allegation that the business is a nuisance. The court denied an injunction pendente lite, and the plaintiff appeals.

It is hardly necessary to cite any other decision than that in Village of New Rochelle v. Lang, 75 Hun, 608, 27 N. Y. Supp. 600, where the court, Mr. Justice Cullen writing, affirmed on abundant authority an order denying an injunction to restrain the construction of a wooden building in that village, on the ground that it is no part of the business of a court of equity to enforce the penal laws of the state or the by-laws of a corporation by injunction unless the act sought to be restrained is a nuisance. As the complaint in the case at bar contains no such allegation, nor any facts from which such a conclusion could be derived, the order must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.