(120 App. Div. 762)

CITY OF NEW YORK v. DE PEYSTER et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION IN STREETS—INJUNCTION.

Where there is an obstruction of a permanent nature upon a public street, particularly where it is of long standing and a right to maintain it is asserted, a court of equity will entertain jurisdiction of the matter upon an injunction proceeding brought by the city.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1502.]

2. SAME—NUISANCE PER SE.

Where a permit for a vault contemplated an opening under, but not through, the sidewalk, and the ordinance in force when the permit was issued regulating such openings expressly limited them to the space within five feet of the building line, an opening through the sidewalk and beyond that distance constituted a nuisance per se.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1493.]

3. ADVERSE POSSESSION—EXTENT—PARTIAL OBSTRUCTION OF HIGHWAY.

No lapse of time will deprive the public of its right to have an encroachment on a highway removed, where the encroachment does not extend to the full width of the highway and entirely cut off travel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 45, 140.]

4. MUNICIPAL CORPORATIONS—ENCROACHMENTS ON STREET—PERMIT INFERRED BY LAPSE OF TIME.

Where it does not appear that a city at any time possessed authority to permit a certain encroachment upon a public street, it may not be inferred by lapse of time that a permit therefor was issued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1496.]

Appeal from Special Term, New York County.

Action by the city of New York against John Watts De Peyster, Walter J. Salomon, and others. From a judgment for plaintiff, defendant Salomon appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

William Allan Hoar, for appellant.

Theodore Connoly (George O'Reilly, on the brief), for respondent.

LAUGHLIN, J. This is an action by the city to restrain the continuance of a nuisance caused by an encroachment upon the sidewalk of Forty-Second street, at the northwest corner of Forty-Second street and Sixth avenue, in the borough of Manhattan, New York, and for a mandatory injunction requiring the abatement thereof, and that the

sidewalk be restored by the defendants, and, in the event of their failure so to do, that the nuisance may be abated and the sidewalk restored by the city at their expense.

The appellant is the lessee of the premises at the northwest corner of Forty-Second street and Sixth avenue and of the appurtenances. In 1859 the premises were owned by the defendant De Peyster. The city's record of "receipts for street vaults" shows that permit No. 208 was issued to him "for the northwest corner of Forty-Second Street and Sixth avenue, for 2,372 superficial feet, February 22, 1859"; and it was admitted on the trial that such permit was issued. At the time that permit was issued there was an open area along the Forty-Second street front of the building then standing on the premises and a vault underneath the sidewalk, with a stairway leading into the same through the open area. After this permit was issued the vault was reconstructed and enlarged, pursuant to the permit, and "arched or closed over at that time." De Peyster testified that:

"The vaults were closed, and the pavement put on top of them. They remained in that condition some time. The area was subsequently changed. The area was on the south side of the building. you know—that is, on the Forty-Second street side of the building—and the steps were there always."

The open area was enlarged after the permit was issued, and there were two wide staircases leading down into the area. The width of the open area as then constructed has neither been shown with accuracy nor approximately. There was a grass plot over the vaults, which was in recent years removed, and the opening through the sidewalk was then greatly enlarged. It was 20 feet 6 inches, or the entire width of the building, in length, and 13½ feet in width—that is, projecting that distance from the building line into that part of the street appropriated for sidewalk purposes; and it has so remained and been maintained ever since. It was not shown that any other permit was granted.

At the time the permit was granted, in 1859, section 12 of the Ordinances of 1845, which was then in force, provided as follows:

"No area in the front of any building in the city of New York shall extend more than one-fifteenth part of the width of any street, nor in any case more than five feet, measuring from the inner wall of such area to the building."

In the re-enactment of the ordinances, these provisions have been preserved and are still in force. Section 329 of the Amended Ordinances of 1897.

The learned justice who presided at the Special Term decided that the area or opening in the sidewalk beyond a line five feet from the building line of the premises has been unlawfully constructed and maintained, and constitutes a public nuisance, and should be removed and the sidewalk restored by defendants within 60 days, and, upon their failure to remove it and restore the sidewalk within that period, that the same may be done by the plaintiff at the expense of the defendants. The judgment follows the decision, and it contains an appropriate provision for further proceedings to carry the same into effect.

The defendants demurred to the complaint. Their demurrer was overruled, and they appealed to this court from the interlocutory judgment. Upon that appeal their counsel argued the same questions

which are discussed by the learned counsel for the appellant who is here alone on the present appeal. We affirmed the interlocutory judgment, without deeming it necessary to write an opinion. 91 App. Div. 612, 86 N. Y. Supp. 1132.

The principal contention of the appellant is that this is an attempt to enforce a city ordinance by an injunction, and that, there being an adequate remedy at law for enforcing of the ordinances by imposing penalties, a court of equity should not take cognizance of the action. Ordinances have been introduced in evidence showing that this encroachment was prohibited and imposing a penalty for the violation. Authority for the broad contention of counsel for appellant is found in some decisions of the courts of this and sister states (Village of Brockport v. Johnston, 13 Abb. N. C. 468; Rozell v. Andrews, 103 N. Y. 150, 8 N. E. 513; Village of New Rochelle v. Lang, 75 Hun, 608, 27 N. Y. Supp. 600; City of Mt. Vernon v. Seeley, 74 App. Div. 50, 77 N. Y. Supp. 250; Village of St. John v. McFarlan, 33 Mich. 72, 20 Am. Rep. 671); but, if the violation of law or ordinance constitute a public nuisance, those authorities concede that equity has jurisdiction, and the failure to exercise jurisdiction was owing to the fact that the public official or municipal corporation was without legislative authority to institute the action. It may be that the city could indirectly, by ordinance and penalties for a violation thereof, compel the restoration of the sidewalk. This action, however, is not brought to enforce the ordinance, but to compel the removal of the encroachment upon and obstruction in the public highway, and its restoration to public use; and the rule is that where there is an obstruction or encroachment of a permanent nature upon a public highway, and particularly where it is of long standing and a right to maintain it is asserted, a court of equity will entertain jurisdiction, and that is the more orderly way for the municipality to proceed. City of New York v. U. S. Trust Co., 116 App. Div. 349, 101 N. Y. Supp. 574; City of New York v. Knickerbocker Trust Company, 52 Misc. Rep. 222, 102 N. Y. Supp. 900; City of New York v. Knickerbocker Trust Company, 104 App. Div. 223, 93 N. Y. Supp. 937; Village of Oxford v. Willoughby, 181 N. Y. 160, 73 N. E. 697. See, also, People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522; Gunning System v. City of Buffalo, 62 App. Div. 497, 71 N. Y. Supp. 155; City of Buffalo v. D., L. & W. R. R. Co., 68 App. Div. 488, 74 N. Y. Supp. 343; D., L. & W. R. R. Co. v. City of Buffalo, 4 App. Div. 562, 38 N. Y. Supp. 510.

The appellant also contends that it has not been shown that the sidewalk was removed and that the open area is maintained without authority, and that therefore it is not a nuisance per se, and that there is no evidence to justify a finding that it is a nuisance in fact. It is quite clear that, to the extent that the sidewalk is directed to be restored by the judgment, there never was any authority to remove it or to make an open area therein. The vault is not to be closed, nor are the owner's rights under the permit granted in 1859 and the ordinance as it then existed to be interfered with. The permit for the vault clearly contemplated an opening under, but not through, the sidewalk; and the ordinance at that time, in the light of which the permit is to

be construed, expressly limited the opening to the space within five feet of the building line. The opening beyond that distance was therefore unauthorized, and constituted a nuisance per se, and no lapse of time will deprive the public of their right to have an encroachment on a highway which does not extend to the full width and entirely cut off travel removed and the highway restored. Driggs v. Phillips, 103 N. Y. 83, 8 N. E. 514; St. Vincent's Orphan Asylum v. City of Troy, 76 N. Y. 113, 32 Am. Rep. 286; City of Buffalo v. D., L. & W., supra. As it has not been shown that the city at any time possessed authority to permit such an encroachment upon the public street, it may not be inferred by lapse of time that a permit therefor was issued, and, if issued, it would be void. Ackerman v. True, 175 N. Y. 351, 67 N. E. 629. Although the right of the city seems clear to have this nuisance abated and the sidewalk restored for public travel, yet the propriety of the city's resorting to equity, instead of summarily abating the nuisance, is emphasized by the fact that shops have been constructed and are in use in the street, under the sidewalk, and opening into this areaway; and the city, if it proceeded summarily, would not only have taken the risk of deciding that the open areaway and obstructions constituted a public nuisance, but it would be under obligation to avoid injury to and care for the private property found in the stores, and might injure some of the occupants.

It follows that the judgment should be affirmed, with costs. All concur.