FREDERICK W. WHITRIDGE and HARRIET W. BIDDLE, Plaintiffs, *v.* ELIZABETH S. PARK, FARMERS' LOAN AND TRUST COMPANY as Trustee under the Last Will and Testament of WILLIAM G. PARK, Deceased, and SIDNEY CALESTOCK, Defendants.\*

(Supreme Court, New York Special Term, February, 1917.)

Nuisance — restaurant not, per se — injunctions — equity — pleading — Laws of 1914, chap. 470, as amended by Laws of 1916, chap. 497.

> The business of a restaurant is not in and of itself a nuisance, and a private individual cannot maintain an action to restrain the use of certain premises located on Fifth avenue

---

\* Affirmed by Appellate Division on this opinion.  179 App. Div.

in the city of New York, at which place is conducted the business of the " Old Chelsea Restaurant " by consent of the owners of the building, upon the theory that the business use of a building in a residence district established under the zone statute (Laws of 1914, chap. 470, as amended by Laws of 1916, chap. 497), constitutes a nuisance.

Equity will not undertake to restrain an act which violates a municipal by-law or ordinance unless the act is a nuisance *per se.*

Complaint considered, and a demurrer thereto on the ground that it does not state facts sufficient to constitute a cause of action sustained, and the complaint dismissed.

DEMURRER to complaint.

Davies, Auerbach & Cornell, for plaintiffs.

Rembaugh & Towle, for defendant Sidney Calestock.

Geller, Rolston & Horan, for defendant Farmers' Loan & Trust Co.

Lamar Hardy, corporation counsel (Terence Farley, of counsel), *amicus curiæ.*

GREENBAUM, J.   The defendant Calestock demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.   The complaint alleges ownership in plaintiffs of certain residential properties in the borough of Manhattan known as Nos. 14, 24, 25, 27 and 29 East Eleventh street and No. 3 East Ninth street, and that the defendants Park and Farmers' Loan & Trust Company, as trustees, are the owners of premises known as No. 47 Fifth avenue, in said borough, and that the defendant Calestock is the lessee and occupant of said premises, who is conducting the business of a restaurant therein under the name of " Old Chelsea Restaurant," with the consent of the owners.   The gravamen of the complaint is that on the 27th day of July, 1916,

the board of estimate and apportionment adopted a resolution dividing the city into residence districts, business districts and unrestricted districts, pursuant to the provisions of chapter 470 of the Laws of 1914, as amended by chapter 497 of the Laws of 1916; that one of the residence districts thus fixed embraced a portion of the city in which the premises described in the complaint were located, and that after the adoption of the resolution, and in violation thereof, the premises No. 47 Fifth avenue were used as a restaurant for business purposes. The special circumstances upon which the plaintiffs seemingly rely for bringing this action are alleged in the complaint as follows: *"Fifteenth.* That the plaintiffs are owners of properties in the immediate vicinity of defendants' property; that in passing to and from plaintiffs' properties the main line of travel is on Fifth avenue past defendants' premises, and that by reason of the conducting of said restaurant upon said premises in violation of law and the maintenance of said signs, and the coming and going through said avenue of the patrons of said restaurant and the wagons containing supplies therefor, access to plaintiffs' premises is made less easy and attractive, and the plaintiffs' properties are made less suitable for residential purposes and are greatly depreciated in value. That plaintiffs are thereby, in part, deprived of the benefits and advantages intended to be secured to the property owners of said residence district from the enforcement of said resolution, and as compensation for the burden placed upon the use of their properties by the said resolution. That the continuation of a restaurant business upon said premises No. 47 Fifth avenue will prevent such properties from increasing in value, as they otherwise would, and will prevent the plaintiffs from the full enjoyment of the same for purposes

24

Supreme Court, February, 1917.        [Vol. 100.

allowed by said resolution, and from realizing the value of the said properties and their investments therein greatly to their damage. *Sixteenth.* That the question which is the subject of this action is one of common and general interest to all property owners or residents of the said resident district defined by the said resolution of the Board of Estimate and Apportionment, and is of particular interest and concern to the plaintiffs, property owners in the immediate vicinity.'' It may also be appropriate to quote the seventeenth paragraph of the complaint, which is as follows: '' *Seventeenth.* That unless defendants be enjoined and restrained from continuing such prohibited use of said property No. 47 Fifth avenue, plaintiffs will suffer irreparable loss and damage by reason thereof, both in the use of their property for residential purposes and in being unable to sell said properties at the price which they would otherwise be able to obtain. That the conducting of said restaurant and the carrying on of such business on such premises, No. 47 Fifth avenue, contrary to law causes irreparable damage and injury to the plaintiffs and constitutes a nuisance of special injury to plaintiffs and a violation of plaintiffs' right.'' The prayer of the complaint is for injunctive relief to restrain the defendants from continuing the restaurant business at No. 47 Fifth avenue. By the demurrer to the complaint it was sought to test the constitutionality of the statute authorizing the board of estimate and apportionment to establish residence, business and unrestricted districts in the city of New York. It is manifest that if this action is not maintainable by a private individual it would be idle to consider the constitutional question attempted to be raised. It is clear, beyond a peradventure of a doubt, that the business of a restaurant is

in itself not a nuisance, notwithstanding the inconclusive allegation of the complaint that it is a "nuisance." Nor does the mere prohibition against the use of the Fifth avenue premises for business purposes make that a nuisance which otherwise is not a nuisance. *Young* v. *Scheu*, 56 Hun, 307; *Moore* v. *Gadsden*, 93 N. Y. 12; *Hagerty* v. *McGovern*, 187 Mass. 479; *Rudnick* v. *Murphy*, 213 id. 470; *Jenks* v. *Williams*, 115 id. 217; *Mayor* v. *Thorne*, 7 Paige, 261; 29 Cyc. 1153, 1165. The injunctive power of this court is therefore not available in behalf of a private individual upon the theory that the business use of a building in a residence district established under the zoning statute constitutes a nuisance. But if by any possibility it could be held by analogy to the procedure permitted in the case of a public nuisance that an individual showing special or peculiar injuries to himself may invoke the equitable interposition of the court to restrain the defendants' violation of the zoning resolution, the complaint utterly fails to allege any special facts which would not be equally applicable to other owners and residents of the district. Indeed, in the "sixteenth" paragraph of the complaint, it is alleged that the subject matter of the action "is one of common and general interest to all property owners or residents of the said residence district." The plaintiffs' properties are located in side streets off the avenue. The circumstance that they may be somewhat nearer the "Old Chelsea Restaurant" than the properties of the other residents of the district is not sufficient to permit differentiation between the injuries of the plaintiffs and of those constituting the rest of the community residing in the district. Another insuperable objection to the maintenance of this action is that equity will not undertake to restrain an act which vio-

lates a municipal by-law or ordinance unless the act is a nuisance *per se.* High on Inj., § 1248. This principle is expressly recognized in *Ogden* v. *Walden,* 40 N. Y. St. Rep. 235. To the same effect is *City of Mount Vernon* v. *Seeley,* 74 App. Div. 50, citing *Village of New Rochelle* v. *Lang,* 75 Hun, 608, in which the court reiterated the rule " that it is no part of the business of a court of equity to enforce the penal laws of the State or the by-laws of a corporation by injunction unless the act sought to be restrained is a nuisance." Moreover, the resolution of the board of estimate and apportionment prescribes the remedies for its enforcement and the legal procedure and penalties in case of violation thereof, and it may well be argued that the remedies prescribed by the resolution are exclusive. But, in any event, there is no allegation that the public authorities charged with the duty of enforcing the resolution have refused to act. I am satisfied that the plaintiffs have no standing in this court. The demurrer is sustained and the complaint dismissed, with costs.

Complaint dismissed.