THE TOWN OF MOUNT PLEASANT, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, December 23, 1921.

Highways — action by town against city of New York to compel removal of portion of aqueduct which crosses and encroaches on Albany post road — encroachment not legalized by Laws of 1834, chap. 256, and Laws of 1877, chap. 445 — encroachment constitutes public nuisance and removal may be compelled as continuing trespass — consent not presumed from lapse of time — Legislature cannot vest town with authority to give consent — right to maintain encroachment cannot be acquired by adverse possession — clear legislative authority required to authorize encroachment.

The old Croton aqueduct, which crosses and encroaches upon the public highway known as the Albany post road within the plaintiff town, the encroachments consisting of solid masonry and earthen embankments extending into the highway about thirty-three feet on the westerly side and about thirteen feet on the easterly side, was not legalized by chapter 256 of the Laws of 1834 giving to the commissioners appointed to adopt plans for a water supply for the city of New York power " to use the ground or soil under any street, highway or road within this State," and chapter 445 of the Laws of 1877, authorizing the commissioner of public works of the city of New York to acquire property for water supply purposes, and, therefore, constitutes a public nuisance and may be enjoined and its removal compelled on the ground that it is a continuing trespass.

No presumption of consent on the part of the plaintiff can arise from the existence for any length of time of the structure in question which occupies a portion of the public highway, nor is it within the power of the municipal authorities to give such consent, nor of the Legislature to vest them with such power.

Furthermore, the right to maintain the aqueduct encroaching upon the highway cannot be acquired by adverse possession.

Nothing short of clear, direct and express legislative action is sufficient to authorize such an encroachment on the public highway.

RICH, J., dissents.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of April, 1921, upon the decision of the court rendered after a trial at the Westchester Special Term.

*I. J. Beaudrias* [*John P. O'Brien* with him on the brief], for the appellant.

*Winfield L. Morse*, for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice J. ADDISON YOUNG at Special Term.

BLACKMAR, P. J., PUTNAM, KELLY and MANNING, JJ., concur; RICH, J., dissents.

The following is the opinion delivered at Special Term:

YOUNG, J.:

Plaintiff sues to compel the removal by defendant as a continuing trespass and a public nuisance of the portion of the old Croton aqueduct which crosses and encroaches upon the public highway known as the Albany post road or Broadway. This encroachment consists of solid masonry and earth embankments which extend into the highway about thirty-three feet on its westerly side and about thirteen feet on the easterly side, leaving a roadway under the arch of but twenty feet.

The facts are undisputed. The highway is a very ancient one, having been laid out under chapter 131 of the Colonial Laws of 1703, and its width north and south of the encroaching structure is approximately sixty-six feet. The defendant purchased the lands on each side of the highway for its aqueduct up to the line of the highway, but there is no deed or grant of the lands in the highway upon which the structure complained of stands.

The Croton aqueduct was authorized by chapter 256 of the

Laws.of 1834, and the structure in question, which was designed to carry the aqueduct across Broadway, was completed in 1838, so that this encroachment has existed for upwards of eighty years.

By chapter 445 of the Laws of 1877 it was intended by the Legislature, as is stated in the title to the act, among other things, to perfect and perpetuate the right and title of the city of New York to public water rights and privileges heretofore taken or used by the city for its water supply.

Defendant contends: (1) That the structure is not a nuisance; (2) that it was legalized and permitted by the Legislature; and (3) that plaintiff has an adequate remedy at law.

The first and third contentions require little consideration. Unless legal authority exists, the structure in question is plainly a public nuisance. If a nuisance, it is clearly a continuing trespass which may be enjoined and its removal compelled. (*City of New York* v. *Rice*, 198 N. Y. 124.)

Nor do I think the second contention can be successfully maintained. Undoubtedly, as between private individuals certain encroachments in a public street, as vaults, cellar doors and gratings, coal holes, areaways, etc., may be presumed from lapse of time to exist by consent of the municipal authorities and such consent may be legally given. The cases cited by defendant go no further than this. On the other hand, no such presumption of consent arises from the existence for any length of time of a permanent structure like the one in question occupying a portion of the public highway, nor is it within the power of the municipal authorities to give such consent nor of the Legislature to vest them with such power. (*City of New York* v..*Rice, supra; Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Village of Oxford* v. *Willoughby,* 181 id. 155; *Village of Haverstraw* v. *Eckerson,* 192 id. 54; *City of New York* v. *de Peyster,* 120 App. Div. 762; affd., 190 N. Y. 547; *Tinker* v. *N. Y., O. & W. R. Co.,* 157 id. 312; *Sweet* v. *Perkins,* 196 id. 486.) It is also well settled that the right to maintain such permanent encroachments cannot be acquired by adverse possession. (*Matter of City of New York,* 217 N. Y. 1, 15.)

It follows, therefore, that nothing short of clear, direct and express legislative action is sufficient to authorize such an

encroachment. This the defendant claims to have in the acts of 1834 and 1877, above referred to. Under the former, commissioners were appointed to adopt plans for a water supply, and, among other things, were given " the right to use the ground or soil under any street, highway or road within this State," for such water supply upon condition that they restore the surface to its original state (§ 15).

Section 1 of the act of 1877, among other things, authorizes the commissioner of public works of the city of New York, as to the waters of any lake, upland, land under water, water rights or privileges or any incorporeal hereditaments, or any other property theretofore or thereafter entered upon, taken or used, to acquire all rights, titles and interests in and to such real estate by whomsoever held, enjoyed or claimed and to pay for and extinguish all claims or damages.

Section 2 authorizes such commissioner to agree with the Commissioners of the Land Office, with the chairman and a majority of the board of supervisors of any county, with the commissioners of highways in any town, and the trustees of any school district as to payment for any real estate owned by the people or by any county, town or school district; and section 3 provides for a special proceeding in case of disagreement.

Section 12 authorizes any county, town or school district to grant or surrender any of its real estate required by the city for the purposes of the act for an agreed compensation.

Section 14 provides that where any real estate has been entered upon, taken or used with or without the license of the owners and the title thereto has not been acquired, and the city shall be in possession at the time the act takes effect, and such possession continues for sixty days thereafter, it shall be deemed an election on the part of the city to take such real estate under the act, and it is made the duty of the corporation counsel to apply for commissioners to appraise the damages and compensation, and the performance of such duty may be compelled by mandamus by the owner or claimant of the real estate so taken or used.

Section 16 construes the term " real estate," as used in the act " to signify and embrace all uplands, lands under water, the waters of any lake, pond or stream, all water rights or privileges, and any and all easements and incorporeal heredita-

ments, and every estate, interest and right, legal and equitable, in lands, or water," etc.

Defendant's counsel argues that the use of the words " or any incorporeal hereditaments, or any other property," in section 1, and the words " and any and all easements and incorporeal hereditaments," in section 16 of the act of 1877 is sufficiently definite and specific to enable the city to acquire rights and easements in public highways although the statute does not expressly mention such highways. If this contention be sound, the plaintiff must fail, because the court would not compel the removal of a structure, an easement to maintain which may still be acquired under the act.

But I cannot agree with this contention. In my opinion there is nothing in either of the acts authorizing the aqueduct which confers legislative consent to the acquisition by the defendant of an easement or right to maintain this structure in the public highway or to grant any rights or easements to the city in public highways, except that given by the act of 1834 to use the land under the surface. Had the Legislature intended to grant such a right, it would have expressed such intention in clear and unmistakable language. Clearly the act of 1834 limited the right of the city of New York in public highways to the subsurface, and the language of the act of 1877, while somewhat broad and general, is abundantly satisfied by such limitation. To decide otherwise would also be contrary to the well-settled doctrine that lands devoted to a public use cannot be acquired or condemned for another public use, if such other public use would interfere with or destroy the public use first acquired, unless the intention of the Legislature that such lands should be so taken is shown by express terms or necessary implication. (*New York Central & H. R. R. R. Co.* v. *City of Buffalo,* 200 N. Y. 113; *Matter of City of Buffalo,* 68 id. 167.) No such intention appears in the acts in question.

Plaintiff is, therefore, entitled to judgment requiring the removal of the encroachment.