GEORGE R. COLEY and Others, Plaintiffs, *v.* W. H. CAMPBELL and
Another, Defendants.

Supreme Court, Rensselaer County, April 6, 1926.

**Municipal corporations — zoning ordinance — action in equity to restrain installation and erection of gas tank and filling station in city of Troy pursuant to permit — complaint alleging failure to obtain consent of property owners but not showing that any individual will be specially damaged or that station is nuisance, insufficient — plaintiffs have remedy at law if aggrieved — power of common council of city of Troy to enact ordinances limited by provisions of General City Law, § 20, subd. 25 — restriction as to consents of property owners in particular zone is ultra vires.**

An individual cannot maintain a suit in equity to restrain the violation of a statute enacted for the protection of the public unless it is shown that he has been or will be injured in person or property by the violation of the statute. It must be shown that he has suffered or will suffer special damage. Nor is it within the province of a court of equity to enforce the statutes and ordinances of a municipality by an injunction unless the act sought to be restrained is a nuisance.

Accordingly, a complaint wherein the plaintiffs, suing collectively to restrain the installation of a gasoline tank and the erection of a gasoline filling station in the city of Troy, allege that the defendants failed and neglected to obtain necessary consents of property owners as required by the building zone ordinance of the city of Troy for the construction of said tank and filling station, and that if said tank and filling station are erected plaintiffs will suffer irreparable injuries and damages in the enjoyment of their properties and property rights, but do not show that any one of the plaintiffs is or will be specially damaged or suffer any irreparable injury by reason of the erection or maintenance of the filling

station or that the tank or station is a nuisance, fails to state facts sufficient to constitute a cause of action and must be dismissed, particularly where neither the complaint nor the affidavits submitted on defendants' motion to dismiss the complaint show special facts that would not be equally applicable to other property owners in the same section of the city. Moreover, plaintiffs can hardly maintain that defendants' filling station is a nuisance or that its erection should not be permitted in the neighborhood in which they live, where it appears that there are two garages, one automobile service station and two tanks and pumps within approximately two hundred feet of the proposed building and that there is a total of eight similar structures within two city blocks of the building.

If plaintiffs are aggrieved by the issuance of the permit their remedy is to appeal to the board of zoning appeals under section 14 of the building zone ordinance; the Supreme Court will not entertain an action in equity for injunctive relief, where there is a sufficient remedy at law.

The power which the common council of the city of Troy has to enact ordinances is limited in this instance by the specific provisions found in subdivision 25 of section 20 of the General City Law. No specific power having been conferred upon the common council by the Legislature to make a restriction as to consents of property owners in a particular zone, such restriction is *ultra vires.*

Motion to dismiss complaint in action to enjoin installation of gasoline tank and filling station in alleged violation of the building zone ordinance of the city of Troy.

*Mackrell & Ranny*, for the plaintiffs.

*Frank H. Deal*, for the defendants.

Russell, J. This action has been brought in a court of equity. The plaintiffs secured an injunction *pendente lite* which was later modified by this court. The defendants have now moved this court to dismiss the complaint in this action on several grounds, some of which are the following: (a) That the complaint does not state facts sufficient to constitute a cause of action; (b) that the zoning ordinance of the city of Troy requiring the consent of property owners in the vicinity for the construction of a motor vehicle service station is not within the powers delegated by the Legislature of the State of New York to the common council of the city of Troy.

The plaintiffs alleged in the complaint that the defendants failed and neglected to obtain and file the necessary consents as required by the building zone ordinance of the city of Troy; that the defendant Campbell, pursuant to a permit issued by the proper city authorities, has commenced the erection of a steel filling station and that the defendant The Standard Oil Company, pursuant to a permit likewise issued to it, has commenced the installation of a gasoline tank; that if the defendant continue the erection of said building and installation of said gasoline tank with its appurtenances and equipment, plaintiffs will suffer

injury and damage in the enjoyment of their respective properties and property rights and in the depreciation of the rental and actual permanent value of said properties and that they will also suffer irreparable damage thereby; that they have no adequate remedy at law therefor.

The plaintiffs rely principally upon the ground that the defendants have violated the building zone ordinance of the city of Troy and that said violation consisted in securing said permits not in accordance with said ordinance. The particular part of said ordinance involved in this action is section 3, subdivision 10, which reads as follows:

" In a business zone, no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for any of the following specified trades, industries or uses:

" 10. Garage or group of garages for more than five motor vehicles or motor vehicle service station except where the applicant for such use files the consents of the owners of seventy-five per cent of the frontage within a distance of two hundred feet, as measured along the public streets from the plot proposed to be so used."

The first question to be determined is whether or not the plaintiffs by the allegations of their complaint are properly in a court of equity. The rule is correctly stated in *Empire City Subway Co. v. B. & S. A. R. R. Co.* (87 Hun, 279, 282) as follows: " It is a general rule, subject to few exceptions, that an individual cannot maintain a suit in equity to restrain the violation of a statute enacted for the protection of the public, unless he shows that he has been or will be injured in person or property by the violation of the statute. It must be shown that the plaintiff has sustained or will sustain special damage." This rule has been adhered to in *Cohen* v. *Rosedale Realty Co.* (120 Misc. 416, 418).

The plaintiffs have sued collectively and it is not shown by any facts alleged in the complaint, or the affidavits submitted in connection therewith, that any one of the plaintiffs is or will be specially damaged or suffer any irreparable injury by the erection and maintenance of the proposed building.

It is no part of the business of a court of equity to enforce the statutes and ordinances of a municipality by an injunction unless the act sought to be restrained is a nuisance. (*Village of New Rochelle* v. *Lang*, 75 Hun, 608, 609; *City of Mount Vernon* v. *Seeley*, 74 App. Div. 50, 51.)

The plaintiffs do not claim in their complaint that the building in question, or the installation of the gasoline tank, is a nuisance. The injunctive power of this court is, therefore, not available in

behalf of a private individual where he fails to show that a building established under the zoning statute constitutes a nuisance. Clearly the erection of the building in question and the installation of the tank in question are not a nuisance *per se.* No special facts are alleged which would not be equally applicable to other property owners in the district. (*Whitridge* v. *Park,* 100 Misc. 367, 371.)

It is difficult to understand how plaintiffs could successfully maintain that this particular filling station is a nuisance or its erection should not be permitted in this neighborhood when it appears that there are two garages, one auto service station and two tanks and pumps within approximately 200 feet of the proposed building and there is a total of eight similar structures within two city blocks of this building.

If the plaintiffs in this action were aggrieved by the issuance of the permit they had their remedy and might have intervened and appealed to the board of zoning appeals under section 14 of the building zone ordinance. Subdivision 7 of said section clothes said board of zoning appeals with power to " Vary in harmony with its general purpose and intent, so that substantial justice may be done, any requirement of this ordinance. This authority shall be exercised solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance and in a manner to secure the public health, safety and general welfare." If this course had been pursued the determination of the board of zoning appeals would have been subject to review by the courts. This suggested procedure has been followed in similar cases. (*People ex rel. Smith* v. *Walsh,* 211 App. Div. 205.)

In other words, this court will not entertain an action in equity for injunctive relief when there is a sufficient remedy at law. (*Robinson* v. *Whitaker, Nos. 1–4,* 205 App. Div. 286.)

The power which the common council of the city of Troy has to enact ordinances is limited in this instance by the specific power conferred by subdivision 25 of section 20 of the General City Law (as added by Laws of 1917, chap. 483). This is a general power which is for the welfare of the cities at large. It is not within the meaning or intent of the delegated power to the common council to permit the people in a certain district of the city to say or not to say what is beneficial for the city at large. It is an authorization by the Legislature to the common council to adopt a general plan which is to apply for the benefit and to the advantage of the city as a whole and not to a specified zone, based upon the optional consents of the people within a limited area of that zone.

No specific power having been conferred upon the common council by the Legislature to make a restriction as to consents of property owners in a particular zone such restriction is *ultra vires.* The courts have criticised the grant of such exceptions and such delegation of power where not specifically conferred by the Legislature or subsequently ratified by it. In the case of *City of Utica* v. *Hanna* (202 App. Div. 610, 612), where the court had before it the consideration of consents under a similar ordinance, said: " The clause allowing such exception amounts to a delegation by the municipal authorities to the property owners of the power to exempt themselves from the regulations determined under legislative sanction by the city authorities to be beneficial to the welfare of the city. The property owners within any restricted area are not the persons solely or even principally to be considered. The general welfare of the municipality as a whole must be the guiding factor."

The beautification of our cities and the protection of the health, safety and welfare of their citizens should be encouraged. When ordinances are passed for the accomplishment of these purposes they should embody such rules and regulations as affect the interests of all persons and be a benefit to the city as a whole. But a city may act only within the limits of the power conferred by the statute authorizing the ordinance.

The defendants have also attacked the sufficiency of the complaint upon the ground that the ordinance is unconstitutional. In view of what this court has said it is unnecessary to consider that question on this motion.

I hold that the plaintiffs have not stated a cause of action. The complaint may be dismissed, with costs.

An order may be submitted in accordance with this memorandum.