JOSEPH OWID and SARAH OWID, Plaintiffs, *v.* TATALA MOUSHATY and Others, Defendants.

Supreme Court, Oneida County, August 3, 1925.

**Injunction — zoning ordinance — application for injunction pendente lite to restrain defendant from proceeding with erection of commercial garage in residential district in city of Utica — board of appeals granted building permit to defendants — construction and operation of garage is not nuisance in and of itself — equity will not interfere with enforcement or non-enforcement of municipal ordinance unless act constitutes nuisance in and of itself.**

Plaintiffs are not entitled to an injunction *pendente lite* to restrain the defendants from proceeding with the erection of a commercial garage in a residental district in the city of Utica, where it appears that defendants are constructing said garage under a building permit authorized by the proper officials of said city, that there is nothing to indicate that said authorization is invalid, and that the construction and operation of a public garage is not in and of itself a nuisance.

Equity will not interfere with the enforcement or non-enforcement of a municipal ordinance, unless the act or failure to act constitutes a nuisance in and of itself.

MOTION for injunction pendente lite.

*Merrill, Sisson & Quinn,* for the plaintiffs.

*S. J. Capecelatro,* for the defendants.

SMITH, E. N., J.:

This action is brought for an injunction restraining the defendants from constructing a public commercial garage at the southwesterly corner of the intersection of Third avenue and Lansing street in the city of Utica, N. Y., and an application is made for a temporary injunction restraining the defendants from doing or causing to be done any work toward or in performance of the erection of such public garage at said aforesaid premises. The allegations of the complaint and affidavits submitted in favor of the motion show that the plaintiffs are the owners of the premises known as 527 Lansing street in said city of Utica; that upon their premises they have erected a two-family residential dwelling house; that said premises have been and are now used solely for residential purposes; that the plaintiffs have expended large sums of money

in having the premises for such purposes; that the premises are located on the northerly side of Lansing street, approximately forty or fifty feet in a direct line from the premises of the defendants at the southwesterly corner of Lansing street and Third avenue; that the defendants since October 3, 1924, have been the owners of a lot of land at the southwesterly corner of said streets; that the zoning ordinance of the city of Utica went into effect October 1, 1924; that the premises of the defendants are within zone " B " or residential district; that on August 26, 1924, the then owner of said premises obtained a building permit to erect a public garage thereon and on September 15, 1924, assigned said permit to defendants; that said permit expired by limitation December 31, 1924, because the work of erecting said garage had not been completed; that on February 26, 1925, said defendants applied to the superintendent of buildings for a new permit, which application was refused; that, an appeal having been taken to the board of appeals from the ruling of the superintendent of buildings on May 8, 1925, said board " arbitrarily, illegally and without warrant or authority of law " granted to defendants a permit to erect said garage in direct violation of the zoning ordinance of Utica, N. Y., enacted and in effect October 10, 1924; that the defendants are engaged in the erection of a public garage on their said premises; " that the erection of a public garage at the place intended and the conduct of the business intended to be carried on in said structure constitutes a public nuisance and in particular a private nuisance to deponent and the residents and occupants of deponent's premises."

The answering affidavits show that the defendants are the owners of the premises in question, which they purchased for the sum of $4,800 on the 26th day of August, 1924; that at the time they purchased the property from Mary Joseph, the then owner, she had a building permit authorizing the erection of a public garage on said land, which permit was granted before the passing of the zoning ordinance of the city of Utica, which went into effect on the 10th of October, 1924; that the defendants have spent various sums of money and have incurred a great deal of expense for drafting plans for the construction of said garage; that the contractors have contracts for the masonry and carpenter work of said garage; that the lot was worth $4,800 for the purposes for which they purchased it, and worth only $2,500 for residential purposes; that they are operating, in the construction of this building, in pursuance of authority granted by the board of appeals of the city of Utica.

It appears from the affidavits that the land of the defendants is, under the zoning ordinance, restricted to residential purposes; that, subsequent to the ruling of the board of appeals, the defendants

ordered iron trusses necessary for the erection of the garage and became obligated on account thereof in the sum of $2,200; that they have expended upwards of $1,200 upon excavation upon said premises, and that the materials for the construction of the foundation wall of the garage have been purchased.

The allegation of the plaintiffs' complaint that the construction of this garage constitutes a public nuisance is without any foundation in law or in fact. The business of operating a commercial garage is not, in and of itself, a nuisance. There are no allegations in the complaint which would justify the maintenance of the action upon the ground of a private nuisance. My attention has been called to no provision of the ordinance declaring a commercial garage a public nuisance; and if there were any such provision it would not alter the fact that it is not. If in its operation a private nuisance would exist, either by reason of noises or by reason of odors, the plaintiffs would have their proper remedy; but the whole gravamen of the complaint is the proposition that the premises upon which it is proposed to erect a garage are within an area restricted to residential purposes by the zoning ordinance of the city of Utica.

In view of the circumstances, I do not think that an injunction *pendente lite* should be granted here. The defendants are proceeding under authorization from the officials of the city of Utica, and unless there is some invalidity in such authorization there would be no ground for the plaintiffs' action. A further reason for denying the application for temporary injunction exists in the fact that I am of the opinion that the action itself is not maintainable. I have already noted that a commercial garage is not, in and of itself, a nuisance. If this be true, the power of the court is not available on behalf of a private individual. Any restrictions that may be upon the liberty of the defendants to construct a commercial garage here arise by reason of the zoning ordinance; the zoning ordinance has its own provisions for its enforcement. Where new rights or restrictions are established by law and the law provides the remedy, that remedy is exclusive. There would be no end to litigation over zoning ordinances if private individuals may invoke the aid of the courts by action. While there is some intimation in some of the reports that, on the analogy of a public nuisance, it might be held that an individual showing special or peculiar injuries to himself might invoke the equitable interposition of the court to restrain defendants from violating the provisions of a zoning ordinance, I am of the opinion such a suggestion is not based upon sound reasoning. The law in this State affecting the very interesting subject of zoning would soon get into a very confused state provided it be held that a restriction which does not exist at common law

upon a use which does not in and of itself constitute a nuisance can be enforced by direct action of a private individual who claims another has violated a zoning ordinance. But in this case there are no allegations which show any special or peculiar injury to the plaintiffs or their property which does not apply equally to all other property within the surrounding territory. If this action can be maintained, any one of a hundred different people could bring the same sort of action, and a property owner might be mulcted in costs and expense to an excessive amount. (*Whitridge v. Park,* 100 Misc. 367; affd., 179 App. Div. 884.)

For a construction of the Zoning Ordinance of the city of Utica as applied to the very property of the defendants herein, reference is made to the opinion in the certiorari proceeding in *Matter of St. Basil's Church* v. *Kerner* (125 Misc. 526), submitted for the consideration of this court at the time of the argument of the motion herein and decided simultaneously herewith. The decision in that matter gives added reason for the denial of the motion.

Furthermore, courts of equity have uniformly refused to interfere with the enforcement or non-enforcement of municipal ordinances unless the act or failure to act constituted a nuisance in and of itself.

Motion denied; stay vacated; ten dollars costs.

Ordered accordingly.