THEODORE J. BURKE, SR., et al., Plaintiffs, *v.* LEVITT & SONS, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, January 8, 1951.

*Thomas J. Irving* for plaintiffs.

*Ira G. Goldman* and *John F. Havens* for defendants.

STODDART, J. In this action submitted to the court for determination, the plaintiffs pray for a judgment enjoining the defendants from trespassing on the plaintiffs' property and directing the defendants to remove certain encroachments placed by them on the plaintiffs' land.

The parties are the owners of land in a section of the town of Hempstead popularly known as " Levittown ". In 1934, their land and other adjacent parcels were owned by the Garden Farm Sales Corporation. A plat of the subdivision of land entitled " Map of Garden Farm Homes situated at Green Acres, Town of Hempstead, Nassau County, New York " was filed in the office of the Clerk of the County of Nassau on May 16, 1934, and, in addition to other streets or highways, there was shown thereon two streets, " Sherwood Road " and " Wolcott Road ". These two streets intersect at right angles, with the defendants' property bordering the same on the north and the east and the plaintiffs' land on the opposite sides of the two streets — the south and the west. The map filed, and numerous conveyances made, by the Garden Farm Sales Corporation reveal an intention by that corporation to either construct the named streets or to cede the land for that purpose to the governmental authorities. The defendants have paved Sherwood Road and Wolcott Road, and the dedication of these roads to the Town of Hempstead has been accepted.

The controversy herein arises from the fact that the title to the land to the center of Sherwood Road and to the center of Wolcott Road in front of and adjacent to the plaintiffs' land was not reserved to the Garden Farm Sales Corporation or to its successors for street purposes. Obviously, when the map, and the other conveyances in which a reservation of title was made, are considered, a mistake was made.

The plaintiffs insist that their vacant land was damaged and has depreciated in value but they do not pray for damages. No proof was offered that the value of the land was diminished for, undoubtedly, it was enhanced instead. As the rule of damages in a case where there has been an injury to realty is the cost of restoring the property to its condition prior to the injury or the diminution in the market value of the property, whichever is the lesser (*Hartshorn* v. *Chaddock*, 135 N. Y. 116; *Bomptin Realty Co.* v. *City of New York*, 276 App. Div. 1094), the reason for the plaintiffs' failure to demand damages is clear.

The plaintiffs want a judgment directing the defendants to tear up paved roads and the catchbasins installed thereunder.

to remove a few shrubs which the defendants planted on the plaintiffs' property near the street and to restore the plaintiffs' property to the condition in which it was prior to defendants' entry thereon.

There is no proof that the plaintiffs objected to the paving of these roads at any time before the completion of the work. There is no proof that the restoration of this property to its original state would permit the plaintiffs a greater use of their property than they possess at present for an easement exists in favor of others in that portion of the plaintiffs' land which the plaintiffs could not destroy or restrict.

"An injunction will be withheld as oppressive when it appears that the injury is not serious or substantial and that to restrain the acts complained of would subject the other party to great inconvenience and loss." (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22, 29–30.)

"A court of equity can never be justified in making an inequitable decree. If the protection of a legal right even would do a plaintiff but comparatively little good and would produce great public or private hardship, equity will withhold its discreet and beneficent hand and remit the plaintiff to his legal rights and remedies." (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301, 305.)

Since it appears that the plaintiffs herein will not be benefited, that the defendants would be put to great trouble and expense, and others having the right of passage over the streets would be inconvenienced, the injunction sought will not be granted, with the exception that the defendants will be directed to remove any shrubs placed by them on the plaintiffs' property, if the plaintiffs request their removal within thirty days after the service of a copy of the judgment to be entered hereon.

Submit judgment on notice. No costs.