Benjamin Brenner, J.
Plaintiffs, husband and wife, are proprietary lessees, and the husband a former director, of a co-operative apartment building. They seek, as co-operators, to enjoin the corporate defendant from permitting what they call an “ unreasonable ” use of a community room in the building.
Upon trial, plaintiffs sought to establish that the co-operative allowed violation of its own rules and regulations relative to noise; that the resolution of the co-operative’s board of directors, adopted January 24, 1967, regarding use of the community room was unreasonable in that it interfered with quiet occupation by plaintiffs and others of their apartments, and that the misuse of the room constituted a nuisance, since they and members of the public were disturbed throughout the early hours of the morning by excessive noise, profanity and intoxication in said community room. None of these assertions were supported by any evidence presented on plaintiffs’ prima facie case.
Plaintiff husband was a director of the co-operative on January 24,1967 when the board reviewed the situation and, despite *1046 his sole dissent, established new hours for use of the room. The resolution under attack provided, in substance, that the room could be used until 11:30 p.m. from Monday through Thursday, on Friday and Saturday nights until 2:00 a.m. the following morning, music to end at 1:00 a.m., and on Sunday night, until 1:00 a.m. the following morning, music to end at midnight.
It seems fair to limit consideration of the conduct complained of to the period following the date of the adoption of the resolution aforesaid since only nine instances of early morning hour disturbances have been testified to for the whole of the period of plaintiffs’ residence in the building from March, 1964 until the first of the year 1967, during part of which time the plaintiffs occupied an apartment on the eighth floor, where they concededly were not disturbed. Moreover, in thus confining the period, the maxim of “ unclean hands ” is eliminated as an element adverse to plaintiffs’ cause, for one of them was not only a member of the board of directors of the co-operative corporation during the earlier period, prior to January 24,1967, but both had themselves then attended late-hour parties in the community room.
Plaintiffs ’ testimony with respect to functions conducted after passage of the resolution of January 24,1967 was that there were altogether 12 parties in the community room during 1967, and five of them involved “ disturbances ”. Of the five “ disturbances ” alleged, only one, on March 19, 1967, lasted to 3:00 a.m., and this in violation of the resolution under question. The four others were on Saturday nights, and all four of them ended by 1:30 a.m. It is also alleged that there was a “ disturbance ” on January 14, 1968 (the Sunday before trial) which ended after midnight.
Although a court of equity will not ordinarily enjoin the potential violation of a statute or ordinance relative to a breach of the peace, it may do so if the violation would constitute a nuisance or if the injunction is necessary to protect some other right or interest (People ex rel. Bennett v. Laman, 277 N. Y. 368; Carbone v. Wenner, 98 N.Y.S. 2d 596 [Sup. Ct., Kings County, 1950] ; Owid v. Moushaty, 125 Misc. 535). Assuming, arguendo, that the resolution in question may fairly be equated with a statute or ordinance, plaintiffs have nonetheless failed to show a public disturbance or breach of the peace on any occasion. The mere playing of music, Mr. Justice Shapiro has held, is not per se a nuisance, and a regulation prohibiting it past 8:00 p.m. is unreasonable (Justice Court Mut. Housing Co-op. v. Sandow, 50 Misc 2d 541).
*1047 Plaintiffs have even failed to sustain their claim that the defendant allowed substantial violation of its rules and regulations as to general noise. The mere showing that on one occasion a noisy party lasted beyond the permissible hours hardly warrants the grant of injunctive relief on that score. After all, plaintiffs together constitute but a single co-operator among more than one hundred others. They are practically alone in their grievance that the community room is misused, and it is but infrequently attended by co-operators for their own benefit and pleasure. Undoubtedly on those few occasions when noise emanated therefrom after midnight, plaintiffs were more disturbed than were others since their apartment is close by. But, when they became co-operators they were well aware of the existence and use of the facility and they were active participants not only in its use but in its government as well. They must consequently abide the minor inconvenience provided, of course, that their fellow co-operators, acting through the members of the board, do not resolve upon a course leading to a true breach of the peace or nuisance.
Moreover, the rules and regulations relative to noise generally, promulgated by the co-operative corporation, do not affect the community room. The rules are directed to and control the conduct of individual co-operators in and outside their own apartments, but neither by explicit language, nor by implication, do they control the use of the community room. In any event, as I have previously noted, the provision limiting noise, as set out in the rules, would not justify a complaint for the occasional violation shown here sufficient to invoke injunctive relief.
Thus, the only issue of substance presented by plaintiffs is that of the reasonableness of the resolution of January 24, 1967 under attack. Clearly, a court of equity may inquire as to whether a resolution made under a reservation of power by a co-operative corporation is reasonable (Thousand Is. Park Assn. v. Tucker, 173 N. Y. 203, 212, 213; Opoliner v. Joint Queensview Housing Enterprise, 11 A D 2d 1076; Justice Court Mut. Housing Co-op. v. Sandow, supra).
I would certainly be unwilling to substitute my discretion for that of the directors of the co-operative by fixing earlier terminal hours for parties, as sought by plaintiffs. The resolution, as adopted, is reasonable on its face, and has not been subject to substantial violation or abuse. The contract and proprietary lease entered into between the parties here apparently reserved broad discretion in the board of directors to resolve the matter as it did, and it is undisputed that plaintiffs willingly entered into that agreement (cf. Oberfest v. 300 West End Ave. Assoc. Corp., *1048 34 Misc 2d 963; Crossmem v. Pease & Elliman, 29 A D 2d 4, 7). Thus, there is no clear and convincing showing to justify the relief sought, an indispensable prerequisite to the grant of an injunction (Association of Contr. Plimbers v. Contracting Plumbers Assn., 302 N. Y. 495, 498; Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300). Since I must consider the relative convenience or harm that will accrue to each party if the injunctive relief is granted (Mott v. Underwood, 148 N. Y. 463; Forstmann v. Joray Holding Co., 244 N. Y. 22, 29; Burke v. Levitt & Sons, 199 Misc. 633), I find that were the relief to be granted, the benefit accruing to plaintiffs would certainly be outweighed by the ensuing harm to their fellow co-operators. Though plaintiffs may have lost some sleep due to the noise and disturbance, particularly on the single night of March 19, 1967, when use of the room was in violation of the resolution, this inconvenience is a small price to pay for the mutual benefits provided by the community room and for the questionable pleasures of urban apartment dwelling.
Plaintiffs are not entitled to injunctive relief and their cause of action, as set out in their affirmative case, is dismissed.